STEPHEN M. CUMMINGS, Appellant, v. THE NEW YORK AND OSWEGO MIDLAND RAILROAD COMPANY, Respondent.

(GENERAL TERM, SIXTH DISTRICT, MAY, 1869.)

To charge a railroad corporation with liability for the indebtedness of a contractor to his laborers, under § 12 of the general railroad act (Laws 1850, chap. 140), the indebtedness must arise from services personally performed by the laborers.

Accordingly, where an action was brought against a railroad company, in the manner provided by that section, to recover for the services of plaintiff's servant and team, rendered upon the defendant's road, for a contractor constructing a portion thereof, the claim was disallowed.

APPEAL from an order of the Chenango County Cou;t denying plaintiff's motion for a new trial.

Plaintiff sued for his personal labor, and also for the services of his servant and team, while engaged upon the construction of a portion of the defendants' road, under the employment of a sub-contractor for such construction, and had recovered judgment on both claims before a justice of the peace. There was a retrial upon appeal, when plaintiff proved his personal services, and offered to show those rendered for the sub-contractor by his servant and team, in the construction of the road. The offer was rejected, and plaintiff excepted.

It appeared also that the action was brought, after the notice required by § 12, chap. 140, Laws 1850, and within the time limited thereby. The court ruled that plaintiff could recover only for his personal services, and directed a verdict for the value thereof, with interest. To the ruling and direction plaintiff excepted, and moved, upon a case containing the exceptions, for a new trial, which was denied, and appealed from the order denying his motion.

*Calvin L. Tefft*, for the appellant.

*David L. Follett*, for the respondent.

Present—BALCOM, BOARDMAN and PARKER, JJ.

By the Court—BALCOM, P. J. The defendants are a railroad

corporation, organized in 1866, under and pursuant to chapter 140 of the Laws of 1850. (Laws of 1850, p. 211.)

The plaintiff's claim for his own labor, and that of his team and servant, performed for a sub-contractor of the defendants, in the construction of their railroad, was made against the defendants under and by virtue of § 12 of the act under which the defendants were organized as a corporation. The important portion of that section, so far as this case is concerned, reads as follows, viz.:

"As often as any contractor for the construction of any part of a railroad which is in progress of construction, shall be indebted to any laborer, for thirty or any less number of day's labor performed in constructing said road, such laborer may give notice of such indebtedness to said company in the manner herein provided; and said company shall thereupon become liable to pay such laborer the amount so due him for such labor, and an action may be maintained against said company therefor." (Laws of 1850, p. 215).

The plaintiff gave the proper notice, and commenced his action before the justice, within the time prescribed by such act to entitle him to recover.

No objection was made in the County Court to a recovery on the ground that the labor was performed for a sub-contractor in the construction of the defendants' railroad. No such objection could have prevailed, as against any portion of the plaintiff's claim; for it was settled by the Court of Appeals, in *Kent* v. *The N. Y. Central R. R. Co.* (2 Kern., 628), that the above mentioned § 12 extends to workmen hired by parties to whom the original contractor has sublet a portion of the work.

The only material question in the case is whether the plaintiff was entitled to recover for labor performed on the defendants' railroad, by his team and servant, for a sub-contractor, who was constructing a portion of such road. And this is not an open question in this court; it was decided adversely to the plaintiff's claim by the Court of Appeals, at the March term, 1856, in the case of *Atcherson* v. *The Troy*

and Boston Railroad Company. That case has never been reported, but we have been furnished by Mr. Kernan, the then reporter of the Court of Appeals, with a copy of the opinions of the judges delivered in that case.

Judge JOHNSON said, in that case, when speaking of the act under which the plaintiff's claim is made, that "the design of the act was, it seems to me, to give the laborer a claim upon the company, for the amount due him from his employers for thirty days labor, *performed by himself*, or any number of days less than thirty. Nothing beyond this can fairly be inferred from the terms employed." He further said: "The whole object, manifestly, was to protect a class of day laborers upon works of this description, who depended mainly upon their own labor, and payments at short intervals, for a subsistence, against the failures and frauds of contractors by whom they were employed; *and not those who might, for convenience or profit, employ the labor of others*." And he came to the conclusion that the plaintiff, in that case, could not recover for the labor of his team or hired servant. Judge COMSTOCK said, in that case: "The statute, we think, gives the remedy only to the person who labors himself for a contractor, and confines it to the price of his own labor, or of that to which the law entitles him."

The plaintiff in that case had recovered, in the Supreme Court, not only for his own labor, but for the service of a four-horse team, driven by himself. The Supreme Court disallowed his claim for the wages of his hired servant, and the services of the team driven by such servant. The Court of Appeals modified the judgment in that case, and reduced it, so that the plaintiff only recovered for his own personal labor, the price or value of which was sixty dollars.

That case is decisive of this. It shows that the plaintiff in this case was not entitled to recover for the labor of his team or servant, but only for the labor performed by himself personally.

It follows that no error was committed on the trial of this case in the County Court, to the prejudice of the plaintiff,

and that the order of that court, denying the plaintiff's motion for a new trial, should be affirmed, with costs.

So decided.